UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAWN DEMETRIS BRAGG ROSS,

       Petitioner,                                               Case No. 2:09-CV-222

v.                                                          HON. GORDON J. QUIST

GREG MCQUIGGIN,

       Respondent.
                                             /

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on November 10, 2009. The Report and Recommendation was duly served on the parties. The Court has received objections from Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds Petitioner's objections to be without merit and accordingly adopts the Magistrate Judge's recommendation.

**Procedural History**

On June 26, 2006, the Michigan Supreme Court denied Petitioner's direct appeal. Petitioner moved for relief from the judgment on February 7, 2007. The Kent County Circuit Court denied Petitioner's motion on March 6, 2007, and Petitioner appealed. Petitioner mistakenly submitted the filing fees for his appeal to the Kent County Clerk rather than the Court of Appeals Clerk. On August 3, 2007, the Michigan Court of Appeals dismissed the appeal for failure to pursue the case in conformity with the rules. On August 17, 2007, Petitioner moved for reinstatement pursuant to M.C.R. 7.217(D)(1), but the Court of Appeals Clerk did not receive the filing fee within twenty-one

days of the August 3, 2007, order. On March 7, 2008, Petitioner again filed a delayed application for leave to appeal to the Michigan Court of Appeals. Petitioner's March 7 application for leave to appeal was dismissed on January 23, 2009, for failure to pay the filing fee. Petitioner filed his application for leave to appeal to the Michigan Supreme Court on April 2, 2009. On October 9, 2009, Petitioner filed his petition for a writ of habeas corpus in this Court.

**Discussion**

Petitioner's habeas petition is barred by 28 U.S.C. § 2244(d)(1)'s one year statute of limitations. Petitioner's direct appeal was denied by the Michigan Supreme Court on June 26, 2006, and Petitioner did not seek a writ of certiorari from the United States Supreme Court. Thus, the one year limitations period began to run on September 25, 2006. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (stating that the one year limitations period does not begin to run until the ninety day period during which Petitioner can file a petition for a writ of certiorari in the United States Supreme Court has expired).

Petitioner moved for relief from the state court judgment on February 7, 2007, which was 135 days after the limitations period began to run. Pursuant to 28 U.S.C. § 2244(d)(2), Petitioner's properly filed application for state collateral review tolled the limitations period. After the state circuit court denied his petition, Petitioner appealed to the Michigan Court of Appeals. On August 3, 2007, the Michigan Court of Appeals dismissed Petitioner's application for leave to appeal for failure to pursue the case in conformity with the rules.

In his objections, Petitioner argues that he moved to reinstate his case on August 17, 2007, and that the Michigan Court of Appeals erred in dismissing his appeal for failure to pay the filing fees. Petitioner misreads Rule 7.217. Under Rule 7.217, reinstatement is discretionary, not mandatory. *See* Mich. Ct. R. 2.217. Furthermore, Petitioner did not submit the filing fee to the

2

Court of Appeals Clerk within 21 days, and the Michigan Court of Appeals did not accept Petitioner's mistake argument.[1] "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and rules of practice." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (citations omitted). Consequently, Petitioner's motion for reinstatement did not toll the limitations period.

Pursuant to Michigan Court Rule 7.302(C)(2), Petitioner had 56 days from August 3, 2007, to file an application for leave to appeal to the Michigan Supreme Court. Petition did not file an application with the Michigan Supreme Court during this time period. Therefore, the limitations period continued running as of September 28, 2007. Petitioner's limitation period expired 230 days later on May 15, 2008. Petitioner's April 2, 2009, application for leave to appeal to the Michigan Supreme Court has no bearing on this analysis. Thus, Petitioner's habeas petition is barred by the one year statute of limitations.

Petitioner's second objection regarding the Magistrate Judge's failure to address Petitioner's double jeopardy argument is moot.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct.

---

[1] Petitioner claims the Michigan Court of Appeals reinstated his case on October 17, 2007. However, Petitioner did not include any order from the Michigan Court of Appeals, in Appendix E or otherwise, to support this claim.

1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket #2) is modified according to the above Order and **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus is **DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1), and a certificate of appealability is **DENIED**.

**This case is concluded.**


Dated: March 22, 2010  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE